```
 1                 IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TEXAS
 2                       MIDLAND-ODESSA DIVISION

 3
    UNITED STATES OF AMERICA,          )
 4                                     )
         Plaintiff,                    )
 5                                     ) Case No. 7:14-CR-227
         vs.                           )
 6                                     ) Midland, Texas
    STACEY LOUISE CASTILLO,            )
 7                                     ) August 6, 2015
         Defendant.                    )
 8  _____) 9:41 a.m.

 9
                       TRANSCRIPT OF SENTENCING
10            BEFORE THE HONORABLE ROBERT A. JUNELL
               SENIOR UNITED STATES DISTRICT JUDGE
11

12
    APPEARANCES:
13
    FOR THE GOVERNMENT:    WILLIAM FRANKLIN LEWIS, JR., AUSA
14                         Office of the U.S. Attorney
                           400 W. Illinois, Suite 1200
15                         Midland, Texas  79701

16
    FOR THE DEFENDANT:     JOHN L. POOL
17                         Law Office of John L. Pool
                           117 N. W. Avenue A
18                         Andrews, Texas  78714

19

20
    COURT REPORTER:        Ann M. Record, RMR, CRR, CMRS, CRI
21                         200 East Wall Street, Suite 117
                           Midland, Texas  79701
22                         (432) 685-0361

23
          Proceedings reported by machine shorthand reporter.
24         Transcript produced by Computer-Aided Transcription.

25
```

```
 1                     P R O C E E D I N G S
 2             (At 9:41 a.m., proceedings commenced)
 3             (Defendant present)
 4             THE COURT:  All right.  Will the clerk call the next
 5   case, please.
 6             THE CLERK:  The court calls Midland 14-CR-227, the
 7   United States of America vs. Stacey Louise Castillo.
 8             MR. LEWIS:  Bill Lewis on behalf of the United
 9   States.  The government's ready.
10             MR. POOL:  John Pool on behalf of Stacey Castillo,
11   present and ready, Your Honor.
12             THE COURT:  Ms. Castillo, would you state your name
13   for me, please.
14             THE DEFENDANT:  Stacey Louise Castillo.
15             THE COURT:  Ms. Castillo, are you one of the
16   defendants in this case?
17             THE DEFENDANT:  Yes, sir.
18             THE COURT:  And did you receive a copy of the written
19   Presentence Investigation Report?
20             THE DEFENDANT:  Yes, sir, I did.
21             THE COURT:  Did you read that report?
22             THE DEFENDANT:  Yes, sir, I did.
23             THE COURT:  And did you discuss that report with your
24   attorney?
25             THE DEFENDANT:  Yes, sir.
```

```
 1            THE COURT:  And, Mr. Pool, did you receive a copy of
 2   the report and discuss it with your client?
 3            MR. POOL:  I did and we did, Your Honor.
 4            THE COURT:  Okay.  And I know you've got a number of
 5   objections.  We'll take those up in just a minute.
 6            MR. POOL:  Yes, Your Honor.
 7            THE COURT:  And I don't know if you were in here.  We
 8   had some, oh, not typographical or grammatical, we just need to
 9   just make some changes here.
10            MR. POOL:  I heard that, Your Honor, and I agree.
11            THE COURT:  Page 8, Paragraph 23, we need to make
12   that -- we need we need to add "On May 14, 2014."
13            And then on Paragraph 24, it should not be "2015."
14   It should be "2014."
15            Then on Paragraph 26, the Court struck that part that
16   says "...in the murder of Sean Lamb" and inserted the language
17   from the superseding indictment, "...to possess with intent to
18   distribute methamphetamine and possessed a firearm during and
19   in relation to a drug trafficking crime which results in the
20   murder of Sean Lamb," which is the more technical language for
21   the --
22            MR. POOL:  Yes, Your Honor.
23            THE COURT:  Any objection to that, Mr. Pool?
24            MR. POOL:  No, Your Honor.
25            THE COURT:  Any objection, Mr. Lewis?
```

1        MR. LEWIS:  No, Your Honor.

2        THE COURT:  Okay.  So the Court makes those
3   corrections.

4        And, Mr. Pool, I know you have filed a number of
5   objections, and I will be glad to hear from you on your
6   objections.

7        MR. POOL:  I have, Your Honor.  And I was present in
8   the court when the Court addressed the objections filed
9   previously and mine are similar.  Some have to do with the
10  factual dispute which I understand will come out on appeal to
11  be decided, and I understand the Court's possession on those.
12  Some have also been ruled on previously in the Court's ruling
13  on the Defendant's Motion 29.

14       The only thing I wanted to add for the record on
15  Objection No. 7 regarding the issue of Count Two and Three
16  merging, I understand and respect the Court's ruling on that
17  and I --

18       THE COURT:  Wait.  Counts Two and Three -- okay.
19  Counts One and Three are going to be run concurrent with one
20  another and then Count Two consecutive.  Okay.

21       MR. POOL:  Correct.  Correct.

22       THE COURT:  Okay.  Go ahead.

23       MR. POOL:  The only thing I wanted to add for the
24  record, and I heard the Court's ruling earlier and respect
25  that.  I just wanted to add for the record that it was my

```
 1  understanding at the conclusion of the trial we brought this
 2  issue up, and Mr. Lewis agreed with the defense's position on
 3  that, that they would merge, and that's the only thing I wanted
 4  to add for the record, Your Honor.
 5            THE COURT:  Okay.
 6            MR. POOL:  But I understand the Court's ruling.
 7            THE COURT:  As to Objection 1, 2, 3, 4, 5 -- excuse
 8  me -- 1, 2, 3 and 4, which are somewhat factual disputes --
 9            MR. POOL:  Yes, Your Honor.
10            THE COURT:  -- the Court overrules those objections
11  and concurs with the probation officer's analysis of that.
12            As to the Objection 5, why don't you explain that
13  objection to me, if you would.
14            Defendant objects to Paragraph 32 --
15            MR. POOL:  Yes, Your Honor.  After reading
16  Mr. Bramley's response, I do agree with his response to the
17  objection.
18            THE COURT:  So you withdraw that objection?
19            MR. POOL:  Yes, Your Honor.
20            THE COURT:  Okay.  Then as to Objection 6, explain
21  that to me.  Why don't you argue that one for me.
22            MR. POOL:  Well, in my opinion, this also is kind of
23  a factual dispute what they're claiming constitutes an
24  obstruction of justice.  Our position is that we disagree with
25  the credibility and reliability of the testimony that was used
```

 1  to raise the issue of obstruction of justice.
 2            THE COURT:  Mr. Lewis, what's your position on
 3  Objection 6?
 4            MR. LEWIS:  With regards to the obstruction of
 5  justice in their argument here, the facts and testimony clearly
 6  showed that the government played -- offered and played video
 7  from the gas station in Presidio, Texas, which showed this
 8  defendant and Anthony Gonzales transporting Ruben Hernandez to
 9  that gas station in Presidio.  You also saw and the jury saw in
10  the video Ruben Hernandez then get out of their car, get into a
11  Suburban and the Suburban drive off.
12            Subsequent interview with Ms. Castillo by law
13  enforcement officers the next day revealed that Ms. Castillo
14  and Mr. Gonzales had, in fact, transported Ruben Hernandez to
15  Presidio so that he could then elude law enforcement officers.
16  He was going to go into Mexico, and that was the purpose of
17  them taking him down to Presidio.
18            So based upon that, they are obstructing justice by
19  permitting and allowing somebody to flee, and then they took an
20  active role in that.
21            Then with regards to the weapons as well, there was
22  testimony that the weapon -- or both weapons that were involved
23  in the crime, that they sought out the assistance of an
24  individual by the name of Benson to help get rid of the guns
25  and that Benson helped facilitate the sale and transfer of

 1  these guns to another individual.  So based upon that, either
 2  one, we believe, supports the finding of obstruction.
 3             THE COURT:  Okay.  And then as to Objection No. 7,
 4  this is -- I believe that that's a lesser-included -- the
 5  defendant believes that's a lesser-included offense of Count
 6  Three as they object to Paragraph 84 as Count Two is a
 7  lesser-included but Count Three is the objection.
 8             I address this in my order denying the Rule 34 motion
 9  on July 22nd.  And under 18 United States Code,
10  Section 924(c)(1)(A)(B)(ii) states:  "No term of imprisonment
11  imposed on a person under this section shall run concurrent
12  with any other term of imprisonment imposed on the person,
13  including any term of imprisonment imposed for the crime of
14  violence or drug trafficking crime during which the firearm was
15  used, carried or possessed."
16             So I overrule that objection.
17             Any other objections, Mr. Pool?
18             MR. POOL:  No, Your Honor.
19             THE COURT:  Mr. Lewis, does the government have any
20  objections or corrections?
21             MR. LEWIS:  No, Your Honor.
22             THE COURT:  I have reviewed the Presentence
23  Investigation Report prepared by U.S. Probation Officer Douglas
24  Bramley.  I find the report accurate and correct, and I adopt
25  the report and the application of the U.S. Sentencing

```
 1  Guidelines contained in the report.
 2           The total offense level is a 43.
 3           The criminal history category a II.
 4           The guideline range for custody on Count One is 240
 5  months and on Count Three is life.  Such counts to run
 6  consecutive -- to run concurrent with one another, excuse me.
 7  Those counts to run concurrent.  And Count Two is seven years
 8  to run consecutive to the combined counts of Counts One and
 9  Three.
10           The defendant is ineligible for probation on any
11  count.
12           Supervised release on Count One is three years, Count
13  Two is two to five years, Count Three is two to five years.
14           The fine range on Count One is $25,000 to $1 million;
15  Count Two, $25,000 to $250,000; Count Three $25,000 to
16  $250,000; and restitution is $5,861.
17           And the special assessment to the Crime Victims Fund
18  is $100 on each count -- Counts One, Two and Three -- for a
19  total of $300.
20           Ms. Castillo, I will be glad to hear from you and
21  Mr. Pool on anything you would like for me to know before I
22  pronounce sentence in your case.  Anything you would like to
23  say?
24           (Sotto voce discussion between the defendant and her
25  attorney, Mr. Pool)
```

1         MR. POOL:  Your Honor, she would just like the
2    opportunity to say something to her family with the Court's
3    permission.
4         THE COURT:  Sure.  Turn around and tell -- turn
5    around and do that.
6         THE DEFENDANT:  I love you guys.  Thank y'all for
7    your support.  I'm not giving up on us and believing in us, and
8    we'll win the appeal.  God knows the truth and that's all that
9    matters and I am at peace with that.  And I love y'all.
10        THE COURT:  Where would you like to spend your time?
11        THE DEFENDANT:  Where?
12        THE COURT:  Yes, ma'am.
13        THE DEFENDANT:  I would like to go to Carswell.
14   Somewhere close to my family.
15        THE COURT:  Okay.  I'll make that -- again, I make a
16   recommendation, but it is up to the Bureau of Prisons who
17   decides where you go.  And any special programs you think you
18   ought to participate in?
19        (Sotto voce discussion between the defendant and her
20   attorney, Mr. Pool)
21        THE DEFENDANT:  No.
22        THE COURT:  Okay.
23        Mr. Pool, what would you like to add?
24        MR. POOL:  Nothing further, Your Honor.
25        THE COURT:  Okay.

1           Mr. Lewis, anything?
2           MR. LEWIS:  As the evidence showed during the trial,
3  Your Honor, with regards to Ms. Castillo, her role in this
4  particular matter and in the events leading up to the death of
5  Sean Lamb were as organizer.
6           When the methamphetamine was stolen from Liz
7  Hernandez's apartment, Liz and her brother Ruben got together
8  and decided to contact Ms. Castillo.  And as we found out
9  during the subsequent recordings of Ms. Castillo's interview
10 with law enforcement, Ms. Castillo boastfully talked about how
11 her reputation is to find people.  And she has a crew that can
12 find people, and that's what she does.  If they need to be
13 jacked up, then that's not a problem either.
14          So she was brought in for the purpose of locating
15 Sean Lamb.  She brought her crew with her, the other
16 codefendants; two that you've already sentenced today and one
17 who awaits sentencing.  And during the course of the plan to
18 abduct Sean Lamb and recover the methamphetamine, the
19 discussion turned to guns.
20          And based upon the testimony that the jury heard and
21 considered, it was Stacey Castillo who determined that guns and
22 firearms needed to be a part of this abduction because they
23 didn't need Sean Lamb talking after they had dealt with him.
24 And she made the call to Anthony Gonzales, and Anthony Gonzales
25 brought the guns.

Case 7:14-cr-00227-DC   Document 257   Filed 10/05/15   Page 11 of 15

11
USA vs. Castillo - Sentencing - August 6, 2015

 1          So she played an integral role, a very big role in
 2  the planning of not only the abduction of Sean Lamb but what
 3  was going to happen to Sean Lamb later that day.  And for that,
 4  she needs to stand here today and be sentenced for those
 5  actions that she took that led to the death of Sean Lamb.
 6          The family of Mr. Lamb is here today.  They have
 7  submitted victim impact statements to the court that we ask the
 8  Court take into consideration.  We also ask the Court order
 9  restitution to the victim's family as reflected in
10  Paragraph 102 of Ms. Castillo's Presentence Investigation
11  Report in the amount of $5,861.  That amount to be jointly and
12  severally paid with all other codefendants in this case.
13          And the government respectfully asks that taking into
14  account all the facts that came out in the trial and the
15  information that's provided in the Presentence Investigation
16  Report, that the Court fashion an appropriate sentence for
17  Ms. Castillo in this matter.  Thank you.
18          THE COURT:  I am not departing from the recommended
19  sentence.  Pursuant to the Sentencing Reform Act of 1984 which
20  I have considered in an advisory capacity and the sentencing
21  factors set forth in 18 United States Code, Section 3553(a)
22  which I have considered in arriving at a reasonable sentence
23  and I do find the guideline range in this case to be fair and
24  reasonable, the following sentence is imposed:
25          Stacey Louise Castillo is placed in the custody of

Case 7:14-cr-00227-DC   Document 257   Filed 10/05/15   Page 12 of 15

12
USA vs. Castillo - Sentencing - August 6, 2015

1  the U.S. Bureau of Prisons to serve a term of imprisonment of
2  240 months on Count One and life on Count Three.  Such counts
3  to run concurrent with one another.
4           On Count Two, she is sentenced to a term of
5  imprisonment of seven years to run consecutive to Counts One
6  and Three.
7           I'll recommend she be placed at the women's facility
8  at Carswell.  That she get education and job training and drug
9  treatment.
10          Upon release from the Bureau of Prisons, you are
11 placed on supervised release on Count One for three years;
12 Count Two for five years; Count Three for five years, all such
13 counts to run concurrent with one another.
14          The general terms of supervised release are those set
15 for the U.S. Courts for the Western District of Texas.  The
16 special terms of supervised release are as follows:
17          You shall not be permitted to reside anyplace where
18 firearms are possessed or stored.
19          You shall abstain from the use of all intoxicants,
20 including alcohol, marijuana, synthetic marijuana and bath
21 salts while on supervision.
22          You'll have no contact with any of your codefendants
23 except for Anthony Ryan Gonzales.
24          You'll have no contact with the family of the victim
25 in this case, Sean Michael Lamb.

1       You'll have no contact with any member of the West
2  Texas gang.
3       You shall pay any unpaid balance of restitution on
4  the commencement of the term of supervision on a schedule to be
5  approved by the Court.  Restitution payment is to be made
6  jointly and severally with the other codefendants to Ashley
7  Lamb.
8       And you'll actually make that payment to the clerk of
9  our court who will then redistribute it to Ashley Lamb in the
10 amount of $5,861.
11      I find that you do not have the ability to pay a
12 fine.  You are required to pay restitution, again, in the
13 amount of $5,861 as I've stated.  And you are required to pay
14 the mandatory special assessment to the Crime Victims Fund of
15 $100 on Count One, $100 on Count Two and $100 on Count Three
16 for a total of $300.
17      Ms. Castillo, you have the right to appeal your
18 sentence and conviction.  Any Notice of Appeal must be filed
19 within 14 days from today in writing.  If you cannot afford an
20 attorney, an attorney will be appointed for you.  Do you want
21 Mr. Pool to represent you on the appeal?
22      Or, Mr. Pool, do you want to do the appeal or what do
23 you want to do?
24      MR. POOL:  Your Honor, we've discussed this.  And I
25 am going to file the Notice of Appeal on her behalf, but I

```
 1  would request that the Court appoint a new attorney to review
 2  the entire appeal.
 3          THE COURT:  Okay.  I will appoint a qualified appeals
 4  lawyer to represent you on appeal.
 5          But I would ask you to file the -- Mr. Pool, I would
 6  ask you to file the Notice of Appeal.
 7          MR. POOL:  Yes, Your Honor.
 8          THE COURT:  Two other documents need to be filed.
 9  Then after the Notice of Appeal is filed, within ten days you
10  need to file a notice of intent to proceed in forma pauperis,
11  and I do find you may proceed in forma pauperis.  That means
12  the government will pay for the record.
13          And then you need to file within ten days of the
14  Notice of Appeal a designation of those parts of the record of
15  the trial, you know, testimony and all that kind of stuff, with
16  the clerk of the court so that can be -- those matters can
17  be -- started to be drafted and everything.
18          Anything else from the government, Mr. Lewis?
19          MR. LEWIS:  No, Your Honor.
20          THE COURT:  Oh, we need to dismiss --
21          MR. LEWIS:  Oh.
22          THE COURT:  -- Counts One, Two and Three of the
23  original indictment as this was a superseding indictment, I
24  believe, that she was charged in; is that correct?
25          MR. LEWIS:  She was convicted by the jury of Counts
```

1  One, Two and Three in the superseding indictment; and the
2  government then moves to dismiss Counts One and Two of the
3  original indictment.  The original indictment was only two
4  counts.
5             THE COURT:  Okay.  So we dismiss Counts One and Two
6  of the original indictment then; is that --
7             MR. LEWIS:  Correct.
8             THE COURT:  Okay.  So ordered.
9             Anything else, Mr. Pool?
10            MR. POOL:  No, Your Honor.
11            THE COURT:  Ms. Castillo, any questions at all?
12            THE DEFENDANT:  No, sir.
13            THE COURT:  Good luck to you, ma'am.  At this time
14 you are remanded back into the custody of the U.S. Marshals.
15            (Proceedings concluded at 9:58 a.m.)
16                        * * * * *
17                   **C E R T I F I C A T E**
18
19       I, ANN M. RECORD, RMR, CRR, CMRS, CRI, Federal
   Official Court Reporter, certify that the foregoing is a
20 correct transcript from the proceedings in the
   above-entitled matter.
21
22
                           _____*/s/Ann M. Record*_____
23    Date: 10/05/2015     Ann M. Record, RMR, CRR, CMRS, CRI
                           United States Court Reporter
24                         200 East Wall Street, Suite 117
                           Midland, Texas  79701
25                         Telephone:  (432) 685-0361