```
 1                  IN THE UNITED STATES DISTRICT COURT
                    FOR THE WESTERN DISTRICT OF TEXAS
 2                        MIDLAND-ODESSA DIVISION

 3
     UNITED STATES OF AMERICA,           )
 4                                       )
          Plaintiff,                     )
 5                                       ) Case No. 7:14-CR-227
          vs.                            )
 6                                       ) Midland, Texas
     STACEY LOUISE CASTILLO,             )
 7                                       ) June 14, 2017
          Defendant.                     )
 8   _____) 10:25 a.m.

 9
                       TRANSCRIPT OF RESENTENCING
10               BEFORE THE HONORABLE ROBERT JUNELL
                 SENIOR UNITED STATES DISTRICT JUDGE
11

12   APPEARANCES:

13   FOR THE GOVERNMENT:     MR. WILLIAM FRANKLIN LEWIS, JR., AUSA
                             Office of the United States Attorney
14                           400 W. Illinois, Suite 1200
                             Midland, Texas  79701
15

16   FOR THE DEFENDANT:      MR. NELSON S. EBAUGH
                             NELSON S. EBAUGH, P.C.
17                           1812 Dunlavy Street
                             Houston, TX  77006
18

19
     COURT REPORTER:         MS. ANN M. RECORD, RMR, CRR, CMRS, CRI
20                           200 East Wall Street, Suite 222
                             Midland, Texas  79701
21                           (432) 685-0361
                             ann_record@txwd.uscourts.gov
22
            Proceedings reported by machine shorthand reporter.
23          Transcript produced by Computer-Aided Transcription.

24

25
```

```
 1                     P R O C E E D I N G S
 2            (At 10:25 a.m., proceedings commenced)
 3            (Defendant present)
 4            THE COURT:  Will the clerk call the next case,
 5   please.
 6            THE CLERK:  The court calls Midland 14-CR-227, the
 7   United States of America vs. Stacey Louise Castillo.
 8            MR. LEWIS:  Bill Lewis on behalf of the United
 9   States, Your Honor.  The government is ready.
10            MR. EBAUGH:  Nelson Ebaugh on behalf of Stacey
11   Castillo, and we're ready.
12            THE COURT:  Ms. Castillo, would you state your name
13   for me, please.
14            THE DEFENDANT:  Stacey Castillo.
15            THE COURT:  Also known as Stacey Louise Castillo?
16            THE DEFENDANT:  Yes, sir.
17            THE COURT:  Are you the defendant in this case?
18            THE DEFENDANT:  Yes, sir.
19            THE COURT:  And you understand we're here to
20   resentence you from when I sentenced you the first time
21   several, several months ago.
22            THE DEFENDANT:  Yes, sir.
23            THE COURT:  Okay.  Did you have an opportunity to
24   read the Presentence Report in this case?
25            THE DEFENDANT:  Yes, sir.
```

```
 1            THE COURT:  Did you have an opportunity to discuss
 2 the case with your attorney?
 3            THE DEFENDANT:  Yes, sir.
 4            THE COURT:  And, Mr. Ebaugh, did you receive a copy
 5 of the Presentence Investigation Report in this case?
 6            MR. EBAUGH:  Yes, Your Honor.
 7            THE COURT:  Did you discuss it with your client?
 8            MR. EBAUGH:  Yes, Your Honor.
 9            THE COURT:  Does the defendant have any objections or
10 corrections to the report?
11            MR. EBAUGH:  No, Your Honor.
12            THE COURT:  And the report I'm working off of it was
13 revised on March 13, 2017.  Is that the one you have too?
14            MR. EBAUGH:  Yes, Your Honor.
15            THE COURT:  Okay.
16            I have reviewed the Presentence Investigation Report
17 prepared by U.S. Probation Officer Douglas Bramley.
18            I find the report accurate and correct, and I adopt
19 the report and the application of the U.S. Sentencing
20 Guidelines contained in the report.
21            The total offense level is a 43.
22            The criminal history category a II.
23            The guideline range for custody on Count One is
24 240 months which is the statutory maximum; Count Two is
25 five years which is the mandatory minimum.
```

1            The defendant is ineligible for probation on either
2    count.
3            Supervised release on Count One is three years; and
4    on Count Two, two to five years.
5            The fine range on Count One is $1 million; and on
6    Count Two, $250,000.
7            Restitution is $5,861.
8            And the special assessment to the Crime Victims Fund
9    is $100 on Count One and $100 on Count Two, for a total of
10   $200.
11           Ms. Castillo, I would be glad to hear from you and
12   your attorney on anything you will like for me to know before I
13   pronounce sentence in your case.  Anything you would like to
14   say?
15           MR. EBAUGH:  Go ahead, Ms. Castillo.
16           THE COURT:  Do you have some family here today,
17   Ms. Castillo?
18           THE DEFENDANT:  Yes.
19           THE COURT:  Why don't you turn around and say hi to
20   them.
21           (Defendant complies)
22           MR. EBAUGH:  Her parents are here and so is her aunt.
23           THE COURT:  Good.
24           We appreciate y'all coming over here today.  Thank
25   you very much.

1          What else?  Are you liking the prison where you --
2  what prison -- I forget.  Where are you now?
3          THE DEFENDANT:  They sent me to Aliceville, Alabama.
4          THE COURT:  Okay.  Do you want to go back there, or
5  do you want to go somewhere else?
6          THE DEFENDANT:  No, I want to go back there.
7          THE COURT:  Okay.  I'll make -- what I do is make a
8  recommendation, but it is up to the Bureau of Prisons to decide
9  where you go.
10         THE DEFENDANT:  Right.
11         THE COURT:  But Aliceville, Alabama.
12         THE DEFENDANT:  Uh-huh.
13         THE COURT:  And what else?  Any particular programs
14 you want me to recommend?
15         THE DEFENDANT:  No.  I did want to stress and I
16 wanted to emphasize right now that I do apologize.  I was angry
17 back when you did sentence me, not angry for the reasons for --
18 I was angry for a lot of reasons, but the main reason that I
19 was angry was that this happened.  It was not supposed to
20 happen.  I never intended for this to ever happen.
21         I live with it every day, just like the Lamb family
22 does.  I'm sorry.  I wish I could go back.  There were so many
23 things that I know that I would do different, but I just hope
24 that they could just find it in their hearts and that they
25 could find the peace and move on.

1          THE COURT:  Okay.

2          Mr. Ebaugh, what would you like to add?

3          MR. EBAUGH:  Your Honor, as demonstrated in the trial
4 testimony, Castillo -- Stacey Castillo never intended Sean
5 Lamb's death.  In fact, she was very angry that Sean Lamb was
6 ultimately killed by Noe.

7          Your Honor, I hope the Court has been able to review
8 the character letters that reflect her positive approach toward
9 those around here while she's been in prison; and
10 significantly, the character letters indicate that she hasn't
11 had a single incident report since she has been in prison.

12         When Stacey Castillo is released in about 2040, she
13 will be 66 years old.  Significantly, there is a reduced
14 recidivism rate for elderly people.  Studies demonstrate that
15 the risk of recidivism is adversely related to the inmate's
16 age.

17         Your Honor, also, the sentence that's proposed by the
18 probation office is in line with the sentences that both
19 codefendant Anthony Gonzales and codefendant Rudolfo Paredes
20 have received; that is, 240 months for the first count.
21 Although Anthony Gonzales and Rudolfo Paredes were sentenced
22 under Count Two for brandishing, which is seven years, it would
23 be consistent in this case for her to receive five years since
24 she did not brandish a gun.

25         Significantly, neither the government nor the

1  probation office has identified factors that warrant a sentence
2  outside the advisory guidelines; and this is Stacey Castillo's
3  conviction -- first conviction under Section 924(c).
4         For these reasons, Stacey Castillo urges the Court to
5  find that the sentence recommended by the probation office is
6  appropriate.
7         THE COURT: Okay.
8         Mr. Lewis, what would you like to add?
9         MR. LEWIS: This case is back before Your Honor
10 following a reversal from the Fifth Circuit on various factors
11 and various determinations concerning the way in which the jury
12 instructions were presented to the jury and the way in which
13 the jury responded to some of the special questions that were
14 asked of it.
15        In addition, the Fifth Circuit determined that the
16 evidence against Ms. Castillo reflected a finding that she used
17 and carried a firearm; and for that, she needed to be
18 resentenced as to Count Two, and that's why we're here today.
19        Notably as the Court has indicated earlier, this case
20 arose back in the summer of 2014.  Ms. Castillo and several of
21 her codefendants went to trial, I believe it was, in
22 April 2015.  But from the facts of the case, we know that this
23 incident and the charges that arose from it for which
24 Ms. Castillo was convicted involved some individuals that
25 included the victim Sean Lamb supposedly stealing some

1  methamphetamine from Ruben Hernandez and Liz Hernandez.  And in
2  their efforts to secure the recovery of those narcotics, they
3  enlisted the aid of Ms. Castillo who by her own admissions in
4  the trial testimony showed had the ability and skills in the
5  Odessa area to find people.
6              There was evidence presented at trial, the Fifth
7  Circuit notes it in the opinion, that the guns that were
8  used -- or at least one of the guns that was used to murder
9  Sean Lamb that day, a MAC-10, was brought by Anthony Gonzales,
10 who was the boyfriend of Stacey Castillo.  There was also
11 evidence that Ms. Castillo brought a pink .38 to the -- into
12 the conspiracy as well.
13             The Fifth Circuit also noted Ms. Castillo's comment
14 that they would have to take care of Mr. Lamb and his friend
15 Mr. Saenz and the other people involved in ripping off the dope
16 because they had -- and the Fifth Circuit referenced the fact
17 that the comment was made, "We had to get rid of them," because
18 it was believed that they were snitches.
19             I believe in reading the opinion, the Fifth Circuit
20 did not have a problem with the sufficiency of the evidence.
21 That the evidence was overwhelming to support the guilt and the
22 role of everybody in this case to support the convictions on
23 Count One.
24             As to Count Two, as the Court has already noted, for
25 Ms. Castillo, the minimum mandatory sentence in this case is

1  five years to run consecutive to the sentence that she will
2  serve in Count One.
3          But when you take into consideration the factors
4  under 18 U.S.C. 3553, which the government believes the Court
5  can take into consideration in this sentencing, and you look at
6  the nature and circumstances of the offense, the need for the
7  sentence imposed to reflect the seriousness of the offense, to
8  promote respect for the law, to provide just punishment, to
9  afford adequate deterrence to criminal conduct, and to protect
10 the public from further crimes of this defendant, the
11 government believes that the evidence in this case would
12 support a sentence on Count Two greater than the mandatory
13 minimum of five years, and the government asks that based upon
14 all the evidence that this Court heard during the trial of this
15 case, the facts and circumstances as they are reflected in the
16 Presentence Investigation Report, that taking into
17 consideration 3553, this Court could and the facts support a
18 sentence greater than the mandatory minimum five years.
19          MR. EBAUGH:  Your Honor, this is Nelson Ebaugh on
20 behalf of Stacey Castillo.  And Stacey Castillo objects to the
21 government's request for an upward departure, or upward
22 variance, because it had received no notice of such request
23 until it was just made a minute ago.
24          THE COURT:  The sentence that I did on the gun
25 possession, or the Count Two, for aiding and abetting

```
 1  possession of a firearm during a drug trafficking offense, I
 2  believe I -- was it a seven-year sentence that I did on the
 3  that offense?
 4              MR. LEWIS:  It was, Your Honor.
 5              THE COURT:  Okay.  During the original trial was a
 6  seven-year sentence.
 7              MR. LEWIS:  You are correct, Your Honor.
 8              THE COURT:  Okay.  All right.  I am not departing
 9  from the recommended sentence.
10              Pursuant to the Sentencing Reform Act of 1984, which
11  I have considered in an advisory capacity, and the sentencing
12  factors set forth in 18 United States Code, Section 3553(a),
13  which I have considered in arriving at a reasonable sentence,
14  and I do find the guideline range in this case to be fair and
15  reasonable, the following sentence is imposed:
16              Stacey Louise Castillo is placed in the custody of
17  the U.S. Bureau of Prisons to serve a term of imprisonment of
18  240 months on Count One and five years, or 60 months, on
19  Count Two.  Such counts to run consecutive with each other.
20              I'll recommend that she be placed at the women's
21  facility at Aliceville.
22              That she get education and job training and drug
23  treatment.
24              Upon release from the Bureau of Prisons, you are
25  placed on supervised release on Count One for three years and
```

1  on Count Two for five years, such counts to run concurrent with
2  one another.
3           The general terms of supervised release are those set
4  for the U.S. Courts for the Western District of Texas.  The
5  special terms of supervised release are as follows:
6           You shall not be permitted to reside anyplace where
7  firearms are possessed or stored.
8           You shall abstain from the use of all intoxicants,
9  including alcohol, marijuana, synthetic marijuana, and bath
10 salts, while on supervision.
11          You will have no contact with your codefendants
12 except for Anthony Ryan Gonzales.
13          You'll have no contact with the family of the victim
14 in this case, Sean Michael Lamb.
15          You'll have no contact with any member of the West
16 Texas Gang while you're on supervised release.
17          You shall pay any unpaid balance of restitution upon
18 the commencement of your term of supervision on a schedule to
19 be approved by the court.  The restitution note shall be paid
20 jointly and severally by all codefendants.  The restitution
21 payment is to be made to the follow victim:  Ashley Lamb,
22 $5,861.  And you'll actually make that payment to the clerk of
23 our court who will then -- that way we can keep up with who all
24 is paying their restitution payments.  We will then forward
25 that on to Ms. Lamb.

1    I find that you do not have the ability to pay a
2 fine.
3    You are required to pay the special assessment to the
4 Crime Victims Fund of $100 on Count One and $100 on Count Two
5 for a total of $200.
6    Ms. Castillo, you have the right to appeal your
7 sentence and conviction, assuming your rights to appeal were
8 not given up or waived as part of your plea agreement in this
9 case.  If you cannot afford an attorney to represent you on
10 appeal, an attorney will be appointed for you.
11    With few exceptions, any Notice of Appeal must be
12 filed within 14 days from today in writing.  And if you cannot
13 afford it, a transcript of the record in this case will be
14 prepared for appeal at the government's expense.
15    Mr. Lewis, anything else from the government?
16    MR. LEWIS:  No, Your Honor.
17    THE COURT:  Anything else, Mr. Ebaugh?
18    MR. EBAUGH:  No, Your Honor.
19    THE COURT:  Any questions, Ms. Castillo?
20    THE DEFENDANT:  No, sir.  Thank you.
21    THE COURT:  Yes, ma'am.  Good luck to you, ma'am.
22    THE DEFENDANT:  Thank you.
23    THE COURT:  At this time you are remanded back into
24 the custody of the United States Marshals.
25    (Proceedings concluded at 10:38 a.m.)

```
                          * * * * *

                       C E R T I F I C A T E


     I, ANN M. RECORD, RMR, CRR, CMRS, CRI, Federal

Official Court Reporter, certify that the foregoing is a

correct transcript from the proceedings in the

above-entitled matter.




               _____/s/Ann M. Record_____
  Date: 7/12/2018    Ann M. Record, RMR, CRR, CMRS, CRI
                     United States Court Reporter
                     200 East Wall Street, Suite 222
                     Midland, Texas  79701
                     Telephone:  (432) 685-0361
                     e-mail:  ann_record@txwd.uscourts.gov
```