UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| STACEY LOUISE CASTILLO, | § | |
| Fed. Reg. No.: 41396-380, | § | |
| Movant, | § | Cause Number: MO-18-CV-0098-DC |
| v. | § | MO-14-CR-0227-DC (6) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## GOVERNMENT'S RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

COMES NOW, The United States of America, by and through the United States Attorney for the Western District of Texas, and the undersigned Assistant United States Attorney, and files this Government's Response to Movant's Motion under Title 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, and states that the Motion should in all things be denied and respectfully shows the Court as follows:

### I.
### Procedural History

On August 27, 2014, a Grand Jury in the Western District of Texas returned a two (2) count Indictment against Movant, Stacey Louise Castillo ( hereafter "Movant") charging her with having committed a violation of Title 21 U.S.C. § 846, *Conspiracy to Commit Possession with Intent to Distribute and Distribution of a Controlled Substance*, and *Aiding and Abetting the Use and Carry of a Firearm During a Drug Trafficking Offense*, in violation of Title 18 U.S.C. § 924(c). (ECF No. 25[1]) A Superceding Indictment, returned on December 17, 2014, added a third count,

---

1. "ECF No." in this context refers to the Electronic Case Filing number for the documents docketed in Cause Number: MO-14-CR-0227-DC (6).

charging Movant with Aiding and Abetting in the Death Resulting from the Use and Discharge of a Firearm During and in Relation to a Drug Trafficking Offense, in violation of Title 18 U.S.C. § 924(j). (ECF No. 64).

Movant entered a plea of not guilty to all counts contained in the Superceding Indictment and the case was set for trial. Movant's jury trial commenced on April 6, 2015.[2] (ECF No. 149) On April 10, 2015, the jury returned its verdict of guilty against Movant on all counts. (ECF No. 161). Movant was sentenced on August 6, 2015, to serve 240 months incarceration on Count One, to run concurrent with a sentence of life imprisonment imposed on Count Three, and eighty-four months confinement on Count Two to be served consecutive to the life sentence imposed on count three. (ECF Nos. 225 and 229)

Movant appealed her conviction and sentence. (ECF No. 233) Movant's judgment and conviction was affirmed in part and reversed in part on November 2, 2016. (ECF No. 271) In the published opinion, the Fifth Circuit Court of Appeals affirmed Movant's conviction on Count Two, vacated her sentence on Count Two and vacated her conviction and sentence on Count Three. *United States v. Gonzales, etal*, 841 F.3d 339 (5th Cir. 2016) and (ECF No. 271) A hearing was scheduled for June 14, 2017, to re-sentence Movant for her conviction on Count Two. (ECF No. 285) Movant was re-sentenced on June 14, 2017, and the Court ordered her to serve 60 months imprisonment on Count Two consecutive to her sentence on Count One. (ECF No. 289)

Movant filed her pending Motion to Vacate her Sentence under Title 28 U.S.C. § 2255 on June 4, 2018. (ECF No. 343). On June 6, 2018, United States District Judge David Counts entered an Order for Service and Advisory, in which, amongst other things, ordered the Government to

---

2. Movant was tried along with three other co-defendants, Raymond Hernandez Olgin, Jr., Anthony Ryan Gonzales and Rudolfo Ramero Paredes.

respond detailing why Movant's motion should not be granted in the above entitled and numbered cause. (ECF No. 347)

## II.
## Issues

In the instant motion, (ECF No. 343) and her Motion for Evidentiary Hearing, (ECF No. 345) Movant claims:

(1) Her attorney, following her re-sentencing, failed to consult with her concerning her ability to appeal her new sentence; and
(2) Her attorney failed to file a Motion for a downward Departure or Variance under the 3553(a) factors.

## III.
## Argument and Authorities

A. <u>Ineffective Assistance of Counsel Claim – Standard of Review</u>

Movant's § 2255 motion must fail. Movant has not shown her defense counsel during her re-sentencing hearing was ineffective nor has she shown that any alleged ineffective assistance of counsel prejudiced her case. "To prevail on an ineffective assistance of counsel claim a defendant must show 'both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.'" *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (*quoting United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668, 687-94 (1984). "It is insufficient for a defendant merely to prove that counsel's conduct was deficient; a defendant must have also been prejudiced by this ineffective legal assistance." *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002). Unless the defendant establishes both deficient performance and prejudice, the claim fails. *Id*.

The "prejudice" test is objective: "it turns on what a reasonable person in the defendant's shoes would do." *United States v. Smith*, 844 F.2d 203, 209 (5th Cir. 1988). Reasonable effective

assistance is the proper standard for attorney performance, *Strickland,* 466 U.S. at 687, and judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. In the Fifth Circuit, the standard for constitutionally effective assistance of counsel is not errorless counsel and not counsel judged ineffective by hindsight, but counsel reasonably likely to render and rendering reasonably effective assistance. See, *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993); *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997); *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996). As the Court observed in *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir.), *reh'g denied en banc*, 843 F.29 499 (5th Cir. 1988), "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional competence, or that under the circumstances, the challenged action 'might be considered sound trial strategy'." *Id*. (quoting *Strickland*, 466 U.S. at 689); *Loyd v. Whitley*, 977 F.2d 149, 156 (5th Cir. 1992), *cert. denied*, 508 U.S. 911 (1993); *Taylor v. Maggio*, 727 F.2d 341, 347 (5th Cir. 1984). A conscious strategic or tactical trial decision is not unreasonable simply because "20/20 hindsight . . . might lead another attorney to opt otherwise." *United States v. Lauga*, 762 F.2d 1288, 1291 (5th Cir.), *cert. denied*, 474 U.S. 860 (1985). The burden is on the petitioner to show a reasonable probability that, but for counsel's errors, the result would have been different. *Strickland,* 466 U.S. at 694.

"[S]crutiny of counsel's performance must be highly deferential." *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995), *citing Strickland*, 466 U.S. at 689. In explaining the "highly deferential" scrutiny to be afforded to the performance of counsel, the Supreme Court in *Strickland* stated:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant

4

must overcome the presumption that, under the circumstances, the challenged action "*might be considered sound trial strategy*." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Strickland*, 466 U.S. at 689 (emphasis added). The *Strickland* Court further explained that "a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed at the time of counsel's conduct." *Id.* at 690. As more further explained below, Movant has failed to establish that his trial counsel was ineffective or that his trial counsel's representation fell below an objective standard of reasonableness. Movant's Motion should be denied.

It is also important to note that collateral review is fundamentally different from a direct appeal. *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1592, 71 L.Ed.2d 816 (1982). In *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991), (en banc) (footnote omitted), *cert. denied*, 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992), the Fifth Circuit Court of Appeals stated "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962), and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error. *Frady*, 456 U.S. at 168, 102 S.Ct. at 1594." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir.1991). If the alleged error is not constitutional or jurisdictional, "the defendant must show that the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." *Id.* at 232 n. 7 (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). If the defendant does not meet this burden of showing cause and prejudice, he is procedurally barred from attacking his conviction. *United States v. Drobny*, 955 F.2d 990, 994-995 (5th Cir. 1992)

B.  Movant's Sixth Amendment right to effective assistance of counsel was not violated

To the extent that Movant's § 2255 Motion is a claim that her attorney provided ineffective assistance during her re-sentencing hearing, such claim is not supported by the record.  Further, Movant has failed to establish how any perceived alleged ineffective assistance of counsel claims prejudiced her case.  Specifically, Movant has failed to show on what grounds she would have appealed following her re-sentencing, how she would have prevailed with her appeal, and/or how Motion for Downward Departure or Variance would have resulted in a reduced sentence.

As stated previously, "To prevail on an ineffective assistance of counsel claim a defendant must show 'both that: (1) trial counsel's performance was deficient and (2) that the deficient performance prejudiced the defense.'"  *United States v. Hayes*, 532 F.3d 349, 353 (5th Cir. 2008) (*quoting United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)); *see also Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).  Because of her failure to meet this standard, Movant's § 2255 Motion must be denied.

(1) Movant's attorney did not provide ineffective assistance to Movant concerning Movant's right to appeal her new sentence

Following her original conviction and sentence, Movant filed a direct appeal.  In her original appeal, Movant did not challenge her conviction or sentence on Count One of the Superceding Indictment, the drug conspiracy count.  *United States v. Gonzales, etal*, id at 358.[3]

---

3.  Had Movant challenged her conviction and/or sentence on Count One, the Government believes Movant's challenge would have ended as it did for co-defendants, Gonzales and Olgin, who challenged their conviction on Count One – ("For the reasons stated above, Lamb's murder was a foreseeable act within the scope of the drug conspiracy each defendant entered into.  And our vacating of Gonzales's murder conviction because the jury did not find *Pinkerton* liability for him is of no consequence to finding him responsible for the murder as a sentencing matter.  *See United States v. Rodriguez-Reyes*, 714 F.3d 1, 13–14 (1st Cir. 2013) (finding that application of first-degree murder cross reference following defendant's drug conviction was not plain error, even though defendant was acquitted of murders in state court); *United States v. Smith*, 224 F.3d 766, 2000 WL 992504, at *6–7 (5th

The Fifth Circuit Court of Appeals affirmed Movant's conviction and sentence on the drug conspiracy count and affirmed her conviction on Count two, use of a gun during a drug trafficking offense. However, the Fifth Circuit Court of Appeals vacated Movant's sentence on this Count and returned her case to the District Court for re-sentencing on Count Two only. Movant alleges she wanted to appeal or discussed appealing her case after her re-sentencing on Count Two with her attorney. (ECF No. 345, p.1) Movant alleges that had an appeal been filed, there were "meritorious grounds that could have been addressed that would have significantly reduced her sentence." (ECF No. 345, p.2) Considering Movant was sentenced to the statutory minimum sentence she could receive for her conviction on Count Two, her claim is meritless. Movant provides no additional information to support this assertion.

The record reflects the re-sentencing court advised Movant of her right to appeal her sentence and conviction. (Government Exhibit **B**, p. 12). Movant's counsel also contradicts Movant's claims. Specifically, Movant's counsel states:

> "I told Castillo that, even though she could appeal the resentencing decision … I explained to Castillo that the District Court could make an upward variance in response to such a statement at resentencing. In fact, I told Castillo that the District Court could make an upward variance without any advance notice to her that it was doing so. Finally, I told Castillo that she probably would not have any good arguments to challenge such an upward variance on appeal of the resentencing decision. I explained to her that the District Court could impose another life sentence at resentencing and that it probably would not be considered "vindictive resentencing" under Fifth Circuit precedent. Accordingly, I recommended that Castillo simply express her remorse for the murder at resentencing and that she not make any comments during the hearing about appealing the resentencing decision."(Government Exhibit **C**, p.4).

---

Cir. 2000) (finding that, even though the defendant was not convicted of murder, the district court did not err in applying the Section 2D1.1 cross reference). There is no error in the twenty year sentences on the drug count.)
Government Exhibit **A**, p. 30-31

Movant's counsel added:

> " …on page five of Castillo's Form AO 243 – Motion to Vacate/Set Aside Sentence (Motion Under 28 U.S.C. § 2255), Doc No. 343, Castillo stated (in part) as follows: After I arrived back to the Federal Women's facility, I emailed counsel, regarding additional grounds that I wished to be filed on direct appeal. He stated that he was no longer my appointed counsel on the record and if an additional appeal needed to be filed, I would have to do so on my own.
>
> This is not an entirely accurate representation of our communications after the resentencing hearing. Although Castillo and I exchanged emails via CorrLinks after the resentencing hearing, Castillo did not mention the possibility of an "appeal" of the resentencing decision in any of her emails."(Government Exhibit **C**, p. 4)

Movant's counsel concluded his statement on this matter as follows:

> "In sum, Castillo never sent me an email "pertaining to the filing of a direct appeal" as claimed on page one of her "Motion Requesting this Honorable Court Grant an Evidentiary Hearing to Review a Motion Pursuant to 28 U.S.C. §2255," Doc. No. 345. As explained above, Castillo knew that she could appeal the resentencing decision. Before the District Court terminated my representation of Castillo on September 18, 2017, Castillo never told me that she wanted to file an appeal of the resentencing decision. In fact, I did not know anything about Castillo's desire to file an appeal of the resentencing decision until William Lewis, the government's attorney, contacted me on June 12, 2018, requesting this affidavit. (Government Exhibit **C**, p.8)

In *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the Supreme Court held that the failure of an attorney to file a notice of appeal only requires reinstatement of appellate proceedings if the defendant shows "(1) that counsel's representation 'fell below an objective standard of reasonableness,' ... and (2) that counsel's deficient performance prejudiced the defendant." *United States v. Nabor*, 256 Fed. Appx 669, (5th Cir. 2007), citing *Flores–Ortega*, 528 U.S. at 476–77, 120 S.Ct. 1029 (citing *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).[4] Additionally, for the prejudice

---

4. The *Flores-Ortega* Court refused to hold that the failure to file a notice of appeal is unreasonable per se, requiring instead that courts evaluate the reasonableness of the attorney's conduct in light of the specific facts of the case. Id. at 477–81, 120 S.Ct. 1029. The Court further instructed, however, that "[i]f counsel has consulted

prong of the ineffective assistance claim to be established Movant must demonstrate "that, but for counsel's deficient performance, he would have appealed." *Nabor* Id. citing *Flores–Ortega*, at 484, 120 S.Ct. 1029. Movant cannot sustain her claim. The re-sentencing court advised her of her right to appeal, and her own attorney contradicts her statements. Movant has failed to establish she suffered any prejudice through this alleged failure to file an appeal. Movant makes only a general argument that she had "meritorious grounds" for pursuing an appeal to lower a sentence from the statutory mandatory minimum sentence she received. Movant has not shown ineffective assistance by her attorney and she has suffered no prejudice. Movant's claim on these grounds must fail.

(2) <u>Movant's attorney did not provide ineffective assistance to Movant concerning a failure to file a Motion for a downward Departure or Variance Under the 3553(a) factors.</u>

The record reflects Movant appeared before the District Court on June 14, 2017, for re-sentencing on her Count Two conviction in furtherance of *United States v. Gonzales, etal*, 841 F.3d 339, 359 (5th Cir. 2016). (Government Exhibit **B**, attached hereto). According to the Amended Presentence Investigation Report, revised on March 13, 2017, (ECF No. 282, p. 16), Movant faced a minimum term of imprisonment of five years for her conviction on Count Two to run consecutive to her sentence on Count One. Movant did not object to this information in the Amended Presentence Investigation Report. In announcing Movant's new sentence on June 14, 2017, the Court stated:

> "pursuant to the Sentencing Reform Act of 1984, which I have considered in an advisory capacity, and the sentencing factors set forth in 18 United States Codes,

---

with the defendant," then "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id. at 478, 120 S.Ct. 1029.

Section 3553(a), which I have considered in arriving at a reasonable sentence, and I do find the sentence to be fair and reasonable.." (Government Exhibit **B**, p. 10)

Movant claims her attorney failed to file a request for downward departure or variance that would have given her a lesser sentence. Movant is wrong on several grounds and her Motion should be denied. First, Movant's claimed ground for the variance or downward departure (ECF No. 345, p. 2) is similar, if not identical, to the failed argument made by her co-defendants, Gonzales and Olgin, in their appeal. *United States v. Gonzales, etal*, (Government Exhibit **A**)

Second, Movant should have raised this claim, like her co-defendants, during her original appeal. To the extent Movant attempts to argue the sufficiency of evidence to support her conviction and sentence on Count One, her claim must fail. Sufficiency of the evidence claims are not cognizable on collateral motions brought under § 2255. *United States v. Boyd*, 2013 WL 5570282 (E.D. La. 2013) citing *Forrester v. United States,* 456 F.2d 905, 907 (5th Cir.1972) (per curiam); *Mendoza v. United States*, 365 F.2d 268, 272 (5th Cir.1966). This is a matter Movant should have raised during her original appeal.

Third, Movant believes a Motion filed by her attorney would have "supported a sentence below the mandatory minimum." (ECF No. 345, p. 2) Movant has offered no law to support her argument and the Government is not aware of any authority that would have permitted the re-sentencing court to issue a sentence below the mandatory minimum of five year. Finally, Movant was only before the Court for re-sentencing on her conviction as to Count Two. Movant's sentence on Count One was affirmed by the Fifth Circuit.

Movant's counsel also addressed these claims as follows:

"The probation office recommended that Castillo be sentenced to only five years under the § 924(c) conviction, the statutory minimum. Because the district court could not legally sentence Castillo to anything less than five years under the § 924(c) conviction, any argument for a sentence of less than five years in connection

10

with the § 924(c) conviction would have been without merit. See Gonzales, 841 F.3d at 354 ("Castillo will be resentenced under the five year minimum that applies to a 'use and carry' conviction."). To the extent that Castillo is disappointed that I did not seek a lower sentence under the drug count while at resentencing, I decided not to do so because such a challenge would have also been without merit. "On remand, the only issues properly before the district court were those that arose from the remand." *United States v. Griffith*, 522 F.3d 607, 610 (2008) (citation omitted). "All other issues not arising out of [the Fifth Circuit's] ruling and not raised in the appeals court, which could have been brought in the original appeal, are not proper for reconsideration by the district court below" during a resentencing hearing. Id. (italics in original). In sum, Castillo could not receive a sentence of less than five years under § 924(c) and the mandate rule foreclosed any challenge at resentencing to Castillo's twenty-year sentence under the drug count. Cf. *Gonzales*, 841 F.3d at 358 ("The convictions on the drug conspiracy count are not challenged on appeal. [Only] [t]wo of the defendants, Gonzales and Olgin, . . . . challenge their sentences for that offense, contending that a cross reference for murder should not have been used in their Guidelines calculation. . . . There is no error in the twenty year sentences on the drug count."). (Government Exhibit **C**, p. 8-9)

When evaluating counsel's performance by viewing their decisions in the light of all surrounding circumstances at the time they were made, Movant cannot overcome the "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. He cannot show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. At 694.

Additionally, a court cannot judge an attorney's effectiveness by hindsight. *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). A court "will not find inadequate representation merely because, with the benefit of hindsight, it disagree[s] with counsel's strategic choices." *Green v. Johnson*, 116 F.3d 1115, 1122 (5th Cir. 1997). It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable .... Because of the difficulties inherent in making the

evaluation [of counsel's challenged conduct], a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered trial strategy." *United States v. Gaudet*, 81 F.3d 585, 592 (5th Cir. 1996) (quoting *Strickland*, 466 U.S. at 689).

The burden of proof rests on Movant to demonstrate he is entitled to relief and to allege more than just conclusory statements. See, *Williford v. Estelle*, 672 F.2d 552, 553 (5th Cir. 1982), *cert. denied*, 459 U.S. 856 (1982). Even pro se Petitioners are required to allege more than mere conclusory statements. Conclusory statements, unsupported by factual allegations or proof to demonstrate prejudice, are insufficient to support a due process claim. *Mayberry v. Davis*, 608 F.2d 1070, 1072 (5th Cir. 1979). Claims of ineffective assistance of counsel must identify specific acts and omissions of counsel. General statements and conclusory allegations are not sufficient. *Knighton v. Maggio*, 740 F.2d 1344, 1349-1350 (5th Cir. 1984).

In order for Movant to prove that she has been prejudiced, she must show there is a reasonable probability that, but for counsel's unreasonable failure to raise and argue the insufficiency of evidence claims set out in his Motion, the result of the trial and/or appeal would have been different. *Riedle v. United States*, 2010 WL 610728 (N.D. Tex. Feb. 22, 2010); citing *Smith v. Robbins*, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), see also, *Sharp v. Puckett*, 930 F.2d 450, 453 (5th Cir.1991), citing *Strickland*, 466 U.S. at 694. Movant has failed in her §2255 Motion to establish deficient performance on the part of her attorney leading to any prejudice being suffered. Further, Movant's claims on this alleged error are conclusory in nature and offer no facts or law to support how a different and more favorable result for Movant could have been achieved. For these reasons, Movant's § 2255 Motion must be denied.

# IV.
# Certificate of Appealability

The final order in a habeas corpus proceeding may not be appealed by the Movant unless the Fifth Circuit Court of Appeals issues a certificate of appealability. The governing law provides that:

> (c) (2) A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c) (3) The certificate of appealability ... shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Title 28 U.S.C. § 2253(c). See *Lackey v. Johnson*, 116 F.3d, 151 (5th Cir. 1997) (holding that a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues.) A Movant satisfies the certificate of appealability standard by demonstrating that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong." See *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Reed v. Stephens*, 739 F.3d 753 (5th Cir. 2014).

The Government contends that Movant has not made a "substantial showing of the denial of a constitutional right." Title 28 U.S.C. § 2253(c)(2). Movant's claim should be denied and the Court should deny Movant a certificate of appealability.

# V.
# Evidentiary Hearing

Since the issues before this court can be resolved on the basis of the conclusive record in this case, an evidentiary hearing is unnecessary. *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where Petitioner's allegations are

13

affirmatively contradicted by the record." *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir. 1979), *cert. denied*, 450 U.S. 934 (1981).

**Conclusion**

The Government asserts the Court should deny the Movant's §2255 motion. In the instant case, Movant has raised several matters concerning her counsel's performance during her re-sentencing hearing that she cannot sustain. The Court should deny the motion based on this foregoing Response.

Respectfully submitted,

JOHN F. BASH
UNITED STATES ATTORNEY


By: /s/
WILLIAM F. LEWIS, JR.
Assistant United States Attorney
Texas Bar No. 12314550
400 West Illinois, Suite 1200
Midland, Texas 79701
(432) 686-4110
(432) 686-4131 fax

**Certificate of Service**

This is to certify that on August 3, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a copy was mailed to the following:

Stacey Louise Castillo
Federal Register No. 41396-380
Aliceville FCI
P.O. Box 4000
Aliceville, Alabama  35442

By: /s/
William F. Lewis, Jr.
Assistant U.S. Attorney