UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| vs. | § | NO: MO:14-CR-00227(6)-DC |
| | § | MO:18-CV-00098 |
| (6) STACEY LOUISE CASTILLO | § | |

AFFIDAVIT OF NELSON S. EBAUGH

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| HARRIS COUNTY | § |

Before me, the undersigned notary, on this day personally appeared Nelson S. Ebaugh, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. My name is Nelson S. Ebaugh. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. On August 17, 2015, the United States District Court for the Western District of Texas appointed me to represent Stacey Louise Castillo for appellate purposes under the Criminal Justice Act. On November 2, 2016, the United States Court of Appeals for the Fifth Circuit issued an opinion wherein it vacated Castillo's conviction for murder resulting from the use and discharge of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(j). *United States v. Gonzales*, 841 F.3d 339, 359 (5th Cir. 2016). In addition, the Fifth Circuit vacated Castillo's conviction under 18 U.S.C. § 924(c) for brandishing a firearm



*Affidavit of Nelson S. Ebaugh*  Page 1 of 12

during a drug trafficking offense and remanded "for resentencing under the lesser included carrying offense." *Id.*

3. On January 27, 2017, the United States District Court for the Western District of Texas appointed me to represent Castillo in the District Court for the resentencing hearing.

4. On page one of her "Motion Requesting this Honorable Court Grant an Evidentiary Hearing to Review a Motion Pursuant to 28 U.S.C. §2255," Doc. No. 345, Castillo stated: "After the resentencing a hearing that relieved Castillo of a life sentence, she was unaware that a direct appeal could be filed on her behalf." In addition, on page five of her Form AO 243 – Motion to Vacate/Set Aside Sentence (Motion Under 28 U.S.C. § 2255), Doc No. 343, Castillo stated: "After sentencing, I was unaware that another appeal could be filed if there was an issue regarding my resentencing." These are inaccurate statements.

5. Before the resentencing hearing, I had a couple of conversations with Castillo about how she may want to consider presenting herself to the District Court during resentencing. At Castillo's first sentencing on August 6, 2015, Castillo's prior attorney asked the District Court if Castillo could have an "opportunity to say something to her family with the Court's permission." After the District Court gave Castillo permission to do so, Castillo made the following remarks:

> I love you guys. Thank y'all for your support. I'm not giving up on us and believing in us, and we'll win the appeal. God knows the truth and that's all that matters and I am at peace with that. And I love y'all.

I told Castillo that, even though she could appeal the resentencing decision, she should not make the same sort of remarks at the resentencing hearing. I explained to Castillo that the District Court could make an upward variance in response to such a statement at resentencing. In fact, I told Castillo that the District Court could make an upward variance without any advance notice to her that it was doing so. Finally, I told Castillo that she probably would not have any good arguments to challenge such an upward variance on appeal of the resentencing decision. I explained to her that the District Court could impose another life sentence at resentencing and that it probably would not be considered "vindictive resentencing" under Fifth Circuit precedent. Accordingly, I recommended that Castillo simply express her remorse for the murder at resentencing and that she not make any comments during the hearing about appealing the resentencing decision.

6. After explaining to Castillo that the District Court could make an upward variance at resentencing without any advance notice to Castillo, Castillo became concerned about the possibility of this outcome. At resentencing, the District Court did not make a *sua sponte* upward variance. However, the government's attorney did suggest that an above-guidelines sentence would be appropriate at resentencing. Due to the government's failure to give Castillo advance notice that it would seek an above-guidelines sentence, I objected to the government's request. To Castillo's relief, the District Court declined to make an upward variance and/or departure and imposed a within-the-guidelines sentence at resentencing. Significantly, the within-the-guidelines sentence was the statutory

minimum for a § 924(c) violation. At the conclusion of the resentencing hearing, Castillo appeared pleased that she received not only a within-the-guidelines sentence, but also the minimum sentence under § 924(c). Castillo did not ask me to appeal the resentencing decision. In fact, after the resentencing hearing, Castillo did not even mention the possibility of appealing the resentencing decision.

7. On page one of her "Motion Requesting this Honorable Court Grant an Evidentiary Hearing to Review a Motion Pursuant to 28 U.S.C. §2255," Doc. No. 345, Castillo stated: "Once Castillo returned to federal prison, she asked counsel questions, via email, pertaining to the filing of a direct appeal regarding material facts that would entitle her to relief." In addition, on page five of Castillo's Form AO 243 – Motion to Vacate/Set Aside Sentence (Motion Under 28 U.S.C. § 2255), Doc No. 343, Castillo stated (in part) as follows:

> After I arrived back to the Federal Women's facility, I emailed counsel, regarding additional grounds that I wished to be filed on direct appeal. He stated that he was no longer my appointed counsel on the record and if an additional appeal needed to be filed, I would have to do so on my own.

This is not an entirely accurate representation of our communications after the resentencing hearing. Although Castillo and I exchanged emails via CorrLinks after the resentencing hearing, Castillo did not mention the possibility of an "appeal" of the resentencing decision in any of her emails.

8. On August 13, 2017, Castillo sent me an email that read as follows:

> WELL I AM BACK AT MY UNIT IN ALABAMA.....I WANTED TO THANK YOU FOR EVERYTHING.....IT WAS NICE TO FINALLY MEET YOU IN PERSON AND WHEN YOU GET THE CHANCE TO TALK TO MR.POOL PLEASE TELL HIM THANK YOU FOR BEING

AT THE HEARING....ALSO I WAS WONDERING IF YOU COULD SEND THE PAPERWORK FOR THE HEARING....I JUST WANTED TO HAVE IT ON ME LIKE EVERYTHING ELSE...I AM GOING TO STILL PUT IN FOR THE MINOR ROLE AND SEE WHAT HAPPENS...SO WHATEVER PAPERS YOU CAN SEND FROM THE RESENTENCING I WOULD APPRECIATE IT......THANK YOU AGAIN[1]

At the original sentencing on August 6, 2015, Castillo did not "put in for the minor role." In addition, Castillo did not appeal any sort of "minor role" issue in her initial appeal. *See Gonzales*, 841 F.3d at 339-59. Accordingly, Castillo waived this argument and the mandate rule foreclosed Castillo's request for a minor role decrease at resentencing. Because Fifth Circuit precedent barred such relief and Castillo apparently intended to file some sort of paperwork on her own, I assumed that Castillo was filing a § 2225 motion. Significantly, I had not been appointed to represent Castillo in connection with filing a § 2225 motion. For this reason, I did not offer to assist Castillo with this project.

9. As a courtesy, however, I did send her whatever pleadings I could. Accordingly, the email that I sent to Castillo on August 14, 2017, read as follows:

Mrs. Castillo,

You are welcome. My pleasure.

I do not have a copy of the sentencing hearing transcript. But, I do have a copy of the judgment. I will mail a copy of it to you.

I wish you all the best!

Regards,

---

[1] Castillo used only uppercase in this email. All grammatical and spelling errors were contained in the original email. Attached hereto as Exhibit A is a true and correct copy of this email and my email in response.

>Nelson S. Ebaugh
>[signature block omitted]

10. On August 15, 2017, I sent a letter via first-class mail to Castillo that read as follows:

>Dear Ms. Castillo:
>
>Enclosed please find a copy of the Judgment and Commitment prepared by the Court in connection with your resentencing held on June 14, 2017.
>
>Unfortunately, BOP Program Statement 1351.05, Release of Information, prohibits inmates from possessing certain documents, including the Statement of Reasons (SORs). For this reason, I cannot mail the SOR document to you. However, your counselor should be able to help you gain access to your SOR so that you can at least review it.
>
>Sincerely,
>
>Nelson S. Ebaugh[2]

11. On September 14, 2017, I filed a motion with the District Court to withdraw from representing Castillo and mailed her a copy of my motion to withdraw. Soon thereafter, Castillo sent me an email on September 16, 2017, that read as follows:

>i am filing some paper work but i dont know if you can help me w the questions...my case manager is on vacation and i cant get to my psi....what evidence in the murder cross reference did they use to warrant a base offense level of 43 for the conspiracy??? ....my base offense level says 24.....for the first offense and then they have me a category III where i should be at a II.....does any of this make a difference...i am filing an arguement based on the cross reference and

---

[2] Attached hereto as Exhibit B is a true and correct copy of my August 15, 2017, letter to Castillo (without the enclosure).

*Affidavit of Nelson S. Ebaugh*                                                                 Page 6 of 12

the guidelines...and in your opinion do you feel like i qualify for minor role....sorry to bother but i needed a professional opinion...thank you[3]

12.     In response to this email, I sent Castillo an email, dated September 18, 2017, that read as follows:

Mrs. Castillo,

I am afraid that I cannot give you any more professional opinions. My representation of you concluded after your resentencing on June 14, 2017. In fact, I recently filed a motion to withdraw from representing you pursuant to the Criminal Justice Act.

Unfortunately, I have not been appointed by the court to represent you any further. However, you can file a motion with the district court requesting that it appoint a lawyer to represent you with the matter that you are considering. Depending upon what sort of assistance you are looking for, the district court may appoint counsel to assist you.

I hope that this helps and that you obtain the relief that you are seeking.

Regards,

Nelson S. Ebaugh
[signature block omitted]

13.     In sum, Castillo never sent me an email "pertaining to the filing of a direct appeal" as claimed on page one of her "Motion Requesting this Honorable Court Grant an Evidentiary Hearing to Review a Motion Pursuant to 28 U.S.C. §2255," Doc. No. 345. As explained above, Castillo knew that she could appeal the resentencing decision. Before the District Court terminated my representation of Castillo on September 18, 2017, Castillo never told me that she wanted to file an appeal of the resentencing decision. In fact, I did not know anything about

---

[3] Castillo used only lowercase in this email. All grammatical and spelling errors were contained in the original email. Attached hereto as Exhibit C is a true and correct copy of this email and my email in response.

*Affidavit of Nelson S. Ebaugh*                                                                 Page 7 of 12

Castillo's desire to file an appeal of the resentencing decision until William Lewis, the government's attorney, contacted me on June 12, 2018, requesting this affidavit.

14. On page two of her "Motion Requesting this Honorable Court Grant an Evidentiary Hearing to Review a Motion Pursuant to 28 U.S.C. §2255," Doc. No. 345, Castillo stated: "At sentencing, appellant counsel never sought or presented the court with any reasons under the guidelines that would support a sentence below the mandatory minimum." That is true. The probation office recommended that Castillo be sentenced to only five years under the § 924(c) conviction, the statutory minimum. Because the district court could not legally sentence Castillo to anything less than five years under the § 924(c) conviction, any argument for a sentence of less than five years in connection with the § 924(c) conviction would have been without merit. *See Gonzales*, 841 F.3d at 354 ("Castillo will be resentenced under the five year minimum that applies to a 'use and carry' conviction."). To the extent that Castillo is disappointed that I did not seek a lower sentence under the drug count while at resentencing, I decided not to do so because such a challenge would have also been without merit. "On remand, the only issues properly before the district court were those that arose from the remand." *United States v. Griffith*, 522 F.3d 607, 610 (2008) (citation omitted). "All other issues not arising out of [the Fifth Circuit's] ruling and not raised in the appeals court, *which could have been brought in the original appeal*, are not proper for reconsideration by the district court below" during a resentencing hearing. *Id.* (italics in original). In sum, Castillo could not receive a sentence of less than five years under § 924(c) and

the mandate rule foreclosed any challenge at resentencing to Castillo's twenty-year sentence under the drug count. *Cf. Gonzales*, 841 F.3d at 358 ("The convictions on the drug conspiracy count are not challenged on appeal. [Only] [t]wo of the defendants, Gonzales and Olgin, . . . . challenge their sentences for that offense, contending that a cross reference for murder should not have been used in their Guidelines calculation. . . . There is no error in the twenty year sentences on the drug count.").

15. On page two of her "Motion Requesting this Honorable Court Grant an Evidentiary Hearing to Review a Motion Pursuant to 28 U.S.C. §2255," Doc. No. 345, Castillo stated: "[T]he murder cross reference should not apply, therefore, the court should have considered a variance, had counsel pursued these grounds, her sentence would have been significantly less." This is an incorrect conclusion. To support this mistaken conclusion, Castillo claims that "the murder cross reference should not have applied due to her not being at the scene when the murder occured [sic] and the fact that the murder of Sean Lamb does not prove fruitful or benefit the furtherance of the conspiracy to possess with intent to distribute methamphetamine." Although Castillo objected to the application of the murder cross reference before her original sentencing on August 6, 2015, the District Court overruled this objection. Castillo did not challenge the application of the murder cross reference on appeal. However, two of her co-defendants did challenge the application of the murder cross reference on appeal. *Gonzales*, 841 F.3d at 358-59. The Fifth Circuit rejected their challenge and affirmed "the twenty year sentences

on the drug count." *Id.* at 359. At resentencing, I did not challenge the application of the murder cross reference for several reasons. First, Castillo forfeited any challenge to the murder cross reference by not raising it during her initial appeal. Second, the mandate rule foreclosed Castillo's challenge to the murder cross reference. Third, the Fifth Circuit had already rejected the challenge by Castillo's co-defendants to the murder cross reference. *See Gonzales*, 841 F.3d at 358-59.

16. Before the resentencing hearing, Castillo asked me to challenge the application of the murder cross reference at resentencing. I explained to Castillo that it would be a bad idea to challenge the application of the murder cross reference at resentencing because, among other reasons, the Fifth Circuit had already rejected the challenge by Castillo's co-defendants to the murder cross reference. In addition, I told Castillo that the District Court might be irritated if she attempted to challenge the probation office's application of the cross reference for murder because the District Court would likely view it as an argument without any merit, especially given the fact that the Fifth Circuit had already rejected the same argument on appeal. In conclusion, I told Castillo that challenging the cross reference for murder would likely be unsuccessful and could backfire on her request for a within-the-guidelines sentence. Ultimately, Castillo agreed with my recommendation to not challenge the application of the murder cross reference at resentencing.

17. When I received Castillo's September 16, 2017, email to me via CorrLinks, I was surprised that Castillo was again looking into the possibility of

challenging the application of the murder cross reference. After all, just prior to the resentencing hearing, I had explained to Castillo that challenging the application of the murder cross reference was a bad idea. Moreover, as explained in the preceding paragraph, Castillo agreed that the application of the murder cross reference should not be challenged at the resentencing.

18. In sum, except for the challenge to the murder cross reference (that was unsuccessfully challenged on appeal by two of Castillo's co-defendants), none of the issues that Castillo identified in her emails to me after the resentencing had been preserved for appeal. In addition, none of the issues that Castillo identified in her emails to me after the resentencing were raised in Castillo's initial appeal. Accordingly, all of these issues had been forfeited. Moreover, the mandate rule foreclosed consideration of these issues at the resentencing because none of the issues identified in Castillo's emails arose from the remand. For these reasons, the issues identified in Castillo's emails sent to me after the resentencing hearing could only serve as the basis for a § 2255 motion, not an appeal. Although Section II(H) of the District Court's Standing Order Adopting CJA Plan provides that appointed counsel must "continue representation throughout proceedings in the district court, on direct appeal in the court of appeals, and on review by certiorari to the Supreme Court," it does not provide that CJA appointed counsel has an obligation to take on any other legal representation or advise the client about any other legal issue outside the scope of the appointment. *See* Section II(H), entitled "Duties of Appointed Counsel," District Court's Standing Order Adopting CJA Plan, adopted

May 3, 2010. Because I had not been appointed to represent Castillo in pursuing a § 2255 motion, I declined to assist her with such a motion.

*Nelson S. Ebaugh*

Sworn to and subscribed before me by Nelson S. Ebaugh on July 2, 2018.

BEN PICKELL
Notary ID #131348834
My Commission Expires
November 10, 2021

Notary Public in and for
the State of Texas

# Exhibit A

# Nelson Ebaugh

| | |
|---|---|
| **From:** | nebaugh@ebaughlaw.com |
| **Sent Date:** | Monday, August 14, 2017 2:01 PM |
| **To:** | STACEY LOUISE CASTILLO (41696380) |
| **Subject:** | RE: HELLO.... |

Mrs. Castillo,

You are welcome.  My pleasure.

I do not have a copy of the sentencing hearing transcript.  But, I do have a copy of the judgment.  I will mail a copy of it to you.

I wish you all the best!

Regards,

Nelson S. Ebaugh
NELSON S. EBAUGH, PC
1812 Dunlavy Street
Houston, Texas 77006
nebaugh@ebaughlaw.com
Phone: (713) 752-0700
Fax: (713) 739-0500
www.ebaughlaw.com


STACEY LOUISE CASTILLO on 8/13/2017 12:51:05 PM wrote
WELL I AM BACK AT MY UNIT IN ALABAMA.....I WANTED TO THANK YOU FOR EVERYTHING.....IT WAS NICE TO FINALLY MEET YOU IN PERSON AND WHEN YOU GET THE CHANCE TO TALK TO MR.POOL PLEASE TELL HIM THANK YOU FOR BEING AT THE HEARING....ALSO I WAS WONDERING IF YOU COULD SEND THE PAPERWORK FOR THE HEARING....I JUST WANTED TO HAVE IT ON ME LIKE EVERYTHING ELSE...I AM GOING TO STILL PUT IN FOR THE MINOR ROLE AND SEE WHAT HAPPENS...SO WHATEVER PAPERS YOU CAN SEND FROM THE RESENTENCING I WOULD APPRECIATE IT......THANK YOU AGAIN

# Exhibit B

# NELSON S. EBAUGH, PC
### ATTORNEY & COUNSELOR
TEL. (713) 752-0700      FAX (713) 739-0500

1812 DUNLAVY ST.  
HOUSTON, TEXAS 77006

NEBAUGH@EBAUGHLAW.COM  
WWW.EBAUGHLAW.COM

August 15, 2017

<u>*Via First Class Mail*</u>  
<u>*Attorney-Client — Open only in the presence of the inmate*</u>

Stacey Louise Castillo #41696-380  
FCI Aliceville  
Federal Correctional Institution  
P.O. Box 4000  
Aliceville, AL  35442

      Re:   USA v. Stacey Louise Castillo; No. 7:14-CR-00227-RAJ-6, W.D. Tex. (Midland)  
            US5CA No.  15-50762

Dear Ms. Castillo:

    Enclosed please find a copy of the Judgment and Commitment prepared by the Court in connection with your resentencing held on June 14, 2017.

    Unfortunately, BOP Program Statement 1351.05, Release of Information, prohibits inmates from possessing certain documents, including the Statement of Reasons (SORs). For this reason, I cannot mail the SOR document to you. However, your counselor should be able to help you gain access to your SOR so that you can at least review it.

                                   Sincerely,

                                   Nelson S. Ebaugh

NSE/jsp  
Enclosure

# Exhibit C

# Nelson Ebaugh

| | |
|---|---|
| From: | nebaugh@ebaughlaw.com |
| Sent Date: | Monday, September 18, 2017 3:18 PM |
| To: | STACEY LOUISE CASTILLO (41696380) |
| Subject: | RE: question.... |

Mrs. Castillo,

I am afraid that I cannot give you any more professional opinions. My representation of you concluded after your resentencing on June 14, 2017. In fact, I recently filed a motion to withdraw from representing you pursuant to the Criminal Justice Act.

Unfortunately, I have not been appointed by the court to represent you any further. However, you can file a motion with the district court requesting that it appoint a
lawyer to represent you with the matter that you are considering. Depending upon what sort of assistance you are looking for, the district court may appoint counsel to assist you.

I hope that this helps and that you obtain the relief that you are seeking.

Regards,

Nelson S. Ebaugh
NELSON S. EBAUGH, PC
1812 Dunlavy Street
Houston, Texas 77006
nebaugh@ebaughlaw.com
Phone: (713) 752-0700
Fax: (713) 739-0500
www.ebaughlaw.com

STACEY LOUISE CASTILLO on 9/16/2017 2:36:38 PM wrote
i am filing some paper work but i dont know if you can help me w the questions...my case manager is on vacation and i cant get to my psi....what evidence in the murder cross reference did they use to warrant a base offense level of 43 for the conspiracy??? ....my base offense level says 24.....for the first offense and then they have me a category III where i should be at a II.....does any of this make a difference...i am filing an arguement based on the cross reference and the guidelines...and in your opinion do you feel like i qualify for minor role....sorry to bother but i needed a professional opinion...thank you